

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LUIS NARVEZ MARTINEZ, | § | |
| Petitioner, | § § § | |
| VS. | § § | NO. 4:04-CV-825-A |
| DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Luis Narvez Martinez is petitioner and Douglas Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 25, 2005, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by April 15, 2005. On April 14, 2005, petitioner filed his written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court is not addressing any nonspecific objections or any

frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As his sole ground, petitioner urges that the state court, and now the magistrate judge, applied the wrong standard in determining the voluntariness of his confession. The issue is whether the state court's adjudication of the issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Petitioner has not shown, however, that the Court of Criminal Appeals of Texas applied the wrong standard. See <u>Martinez v. State</u>, 127 S.W. 3d 792, 794 n.1 (Tex. Crim. App. 2004). Moreover, the Court determined that the record supported a finding that petitioner's confession was given without coercion and that the methods used to obtain the confession did not offend federal constitutional principles. <u>Id.</u> Petitioner has not shown by clear and convincing evidence that the record does not support those conclusions. Instead, he continues to urge that his confession was not voluntary under <u>Bram v. United States</u>, 168 U.S. 532 (1897), which is no longer the proper test. See <u>Arizona v. Fulminate</u>, 499 U.S. 279, 285 (1991). He has not shown that, in light of all the surrounding circumstances, his will was overborne and his confession involuntary. See <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 226 (1973). Accordingly,

2

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

SIGNED April 17, 2005.

_____
JOHN McBRYDE
United States District Judge